IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                CIV 04-196 MCA/KBM
                                                                  CR 03-596 MCA

JOHN BODENHEIMER,

      Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER is before the Court following an evidentiary hearing on the sole remaining issue in this habeas matter – whether trial counsel was ineffective for failing to file a notice of appeal. *See, e.g., Docs. 11, 15, 17, 20.* The Court has reviewed the transcript of the hearing and the arguments of counsel, and recommends that Defendant Bodenheimer be permitted to take a direct appeal of his conviction to the Tenth Circuit Court of Appeals.

      Defendant and his trial counsel, Thomas Jameson, both testified that Bodenheimer unequivocally directed his attorney to file an appeal immediately after sentencing and at least one other time during later conversations. *See, e.g., Evidentiary Hearing Transcript* at 30 ("I don't dispute that on the day he was sentenced, [Defendant] specifically told me that he wanted an appeal filed."). After these express instructions to file an appeal, Bodenheimer plainly did not want to hear from counsel that there was no basis for an appeal. While Mr. Jameson was honestly "convinced" that he had successfully persuaded Defendant to change his mind about wanting to appeal, he was unable to identify any specific words or actions from his client to that effect. *See*

*id.* at 39-41.  Rather, it was Mr. Jameson's overall, generalized impression that "he understood my point of view as to the futility of filing an appeal; accepted that advice; and consented to not having an appeal filed or a notice of appeal filed."  *Id.* at 30-31.

Thus, it appears that counsel made this assumption after consultation without Bodenheimer having directly or precisely stating his desire one way or the other.  *See Evidentiary Hearing Transcript* at 8-11, 22-31.  As I observed first-hand during the hearing, Defendant Bodenheimer's disabilities make it difficult to understand him at times, and Mr. Jameson specifically recounted the defendant's emotionally volatile state of mind following Judge Armijo's decision not to downward depart.  Given Bodenheimer's explicit instructions to appeal and the unique difficulties in communication posed by his disabilities and emotional state, only a clear instruction, by identifiable word or gesture, ***not*** to appeal would suffice to relieve counsel of his duty to file an appeal and submit an *Anders* brief.  No such instruction having been given, I find that the failure to appeal constitutes ineffective assistance of counsel.

The government argues that under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), consultation with the client in an attempt to ascertain the client's wishes, even if the attorney's ultimate conclusion in that regard is mistaken, constitutes effective assistance.  I find *Flores-Ortega* distinguishable given the facts of this case.  In *Flores-Ortega*, there were no discussions about whether an appeal should be filed; the subject inadvertently never came up.  As Magistrate Judge Martínez recently noted, where an express appeal directive was never given by the client as in *Fores-Ortega*, an attorney's attempt to dissuade client from appealing without ascertaining client's desires is unreasonable.  *See, e.g., United States v. De La Rosa,* CIV 03-599 MCA/LAM *Doc. 18* at 9-10 (Judge Martínez' proposed findings in a "consultation" case).

2

The government further contends that Bodenheimer's testimony that he intended for an appeal to filed is incredible. Even if I have previously discounted other allegations of the defendant in the context of the merits of his claims set forth in the § 2255 motion, I am not persuaded he genuinely changed his mind about appealing his sentence. Moreover, with the client having expressly directed an appeal to be filed, counsel could not rely on anything less than a clear, unequivocal instruction to the contrary. To find otherwise in this case would penalize Defendant Bodenheimer for having not reasserted his right to appeal after the consultation took place.

As I observed in my prior findings, when an attorney disregards a specific instruction to appeal, prejudice is presumed and both prongs of the *Strickland* ineffectiveness test are met. *See e.g., United States v. Edwards,* 297 F. Supp. 2d 813, 817 (E.D. Pa. 2004). The § 2255 habeas remedy that flows from that violation is to vacate the Defendant's judgment of conviction and sentence, reenter it, and allow him to take a direct appeal from the newly-entered judgment. *See Doc. 9* at 7; *see also Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000); *United States v. Snitz,* 342 F.3d 1154, 1156, 1159 (10th Cir. 2003).

Wherefore,

**IT IS HEREBY RECOMMENDED** that habeas relief be granted on the sole remaining issue in this civil action, and that Defendant's judgment of conviction and sentence in *United States v. Bodenheimer,* CR 03-596 MCA (filed as *Doc. 30* in the criminal matter) be vacated and immediately reentered, so that Defendant may take a direct appeal from his criminal conviction to the United States Court of Appeals for the Tenth Circuit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE